[Civ. No. 2923. Fifth Dist. Apr. 29, 1976.]

HENRY YOUNG, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

884

**COUNSEL**

Charles B. Flood III, Public Defender, and Joseph A. Kalashian, Deputy Public Defender, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Vincent J. Scally, Jr., Deputy Attorneys General, for Respondent and for Real Party in Interest.

**OPINION**

**FRANSON, J.**—Petitioner was charged by information with receiving stolen property in violation of Penal Code section 496, and possession of a completed check with intent to defraud in violation of Penal Code section 475a. He moved to dismiss the information pursuant to Penal Code section 995 on the ground that he was held to answer without reasonable cause. The motion was denied. Petitioner seeks a writ of prohibition from this court as provided by Penal Code section 999a.

## STATEMENT OF FACTS

On the basis of information received from the owner of the Harris Nursery in Tulare, California, police officers had probable cause to arrest petitioner and a female companion, Toni Gomez, for passing a fictitious check. The police were advised that petitioner and Toni were at cabin 7 at a trailer court located next door to the nursery. They went to the trailer court, and the manager told the officers that petitioner and Toni resided in cabin 7 with Cecil Jones. The officers went to cabin 7, and Cecil Jones opened the door and invited them in. When asked if petitioner and Toni were in the cabin, Jones pointed toward a closed inner door. The officers opened the door to a bathroom and found petitioner and Toni inside.

They were immediately arrested and taken outside to the police car. The officers then returned to the bathroom and, underneath a rug, found and seized a wallet containing petitioner's driver's license, stolen credit cards and fictitious checks.

## DISCUSSION

■ Petitioner contends that the evidence seized in the bathroom after his arrest should have been suppressed because the officers failed to comply with the announcement and demand-for-entry provisions of Penal Code section 844 before opening the bathroom door. For the reasons hereafter expressed, we agree with the contention.

■ Penal Code section 844 provides that in making an arrest, ". . . a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired." Minimal compliance with the statute requires ". . . an effort by the officers prior to entry to communicate to persons inside that they seek to be admitted in order to discharge their duties *as law enforcement officers.*" (*Greven* v. *Superior Court* (1969) 71 Cal.2d 287, 293 [78 Cal.Rptr. 504, 455 P.2d 432] (italics original; fn. omitted).) Moreover, the requirements of section 844 apply to the inner doors of a house as well as to the outer doors. (See *People* v. *Glasspoole* (1975) 48 Cal.App.3d 668, 676-677 [121 Cal.Rptr. 736]; *People* v. *Webb* (1973) 36 Cal.App.3d 460, 466 [111 Cal.Rptr. 524].)

■ The purposes and policies underlying section 844 are summarized in *Duke* v. *Superior Court* (1969) 1 Cal.3d 314, 321 [82 Cal.Rptr. 348, 461 P.2d 628]: ". . . (1) the protection of the privacy of the individual in his home [citations]; (2) the protection of innocent persons who may also be present on the premises where an arrest is made [citation]; (3) the prevention of situations which are conducive to violent confrontations between the occupant and individuals who enter his home without proper notice [citations]; and (4) the protection of police who might be injured by a startled and fearful householder."

■ Respondent concedes all of this but contends that section 844 does not apply if the officers' entry into the inner room of a house was consented to by a person inside the house. It relies on the rule that a joint occupant, if present, may consent to an entry and search of that portion of the premises jointly possessed even though the person whose property

is seized and who also has joint control is not present or is not asked for his consent. (*People* v. *Meneley* (1972) 29 Cal.App.3d 41, 46 [105 Cal.Rptr. 432].)

Respondent's argument fails for two reasons: First, it ignores the policy considerations behind section 844, particularly the prevention of violent confrontation between the occupant of an inner room and strangers who may enter the room without proper notice and identification. Regardless of a co-occupant's consent, the policies underlying section 844 apply as forcefully to an unannounced entry into an inner room as to an unannounced entry into the house itself. (Cf. *Duke* v. *Superior Court, supra,* 1 Cal.3d at p. 321.)

Second, even assuming that under certain circumstances a co-occupant's consent to enter an inner room will excuse compliance with section 844, such consent may be given only to those portions of the house under his exclusive or joint control at the time of the search. (See *Tompkins* v. *Superior Court* (1963) 59 Cal.2d 65, 69 [27 Cal.Rptr. 889, 378 P.2d 113].) Although unoccupied bathrooms are normally part of the jointly controlled premises, an occupied bathroom must be deemed to be under the temporary but exclusive dominion of the occupant. (See *People* v. *Linke* (1968) 265 Cal.App.2d 297, 316-317 [71 Cal.Rptr. 371], in which the court emphasized that the defendant had vacated the bathroom before the police entry.) An occupant of a closed bathroom, the same as an occupant of a closed bedroom, is entitled to an expectation of privacy far greater than those persons in the common areas of a house, such as the living room and kitchen. In *Tompkins* v. *Superior Court, supra,* 59 Cal.2d 65, 69, it is noted: "Joint occupancy of property, particularly residential property, obviously demands reasonable restrictions on the right of each joint occupant either by himself or through another to exercise full control over the property at all times regardless of the wishes of another joint occupant present on the premises. A joint occupant's right of privacy in his home is not completely at the mercy of another with whom he shares legal possession."

Respondent next argues that petitioner could not have been surprised by the officers' unannounced entry into the bathroom because he must have been aware of the officers' initial entry into the house. The record, however, does not indicate the distance from the front door to the bathroom, nor are there any facts from which it may be inferred that

petitioner was able to hear any conversations between the police and Jones. Importantly, as far as the record shows, the officers did not tell Jones that they were police officers, nor did they make a request for permission to search the interior of the house. Thus, we cannot infer that petitioner, as an occupant of the inner room, had notice of the police entry into the house. (Cf. *People* v. *Glasspoole, supra*, 48 Cal.App.3d 668, 677.)

Respondent's further argument that petitioner had to have been aware of the initial police entry because he had hidden his wallet beneath the bathroom rug is also speculative. Petitioner and Toni had been at the cabin more than an hour after the incident at the nursery, and the wallet could have been placed under the rug long before the police entered the house. Furthermore, in determining whether adequate notice was given by the officers before opening the inner door, we must look to the circumstances of the entry and not to the location of the contraband seized after the entry.

We hold that Jones' implied consent to a search of the inner room did not obviate the necessity of compliance with Penal Code section 844 before opening the door.

Let a peremptory writ of prohibition issue restraining real party in interest from further prosecuting petitioner in superior court action No. 17295.

Brown (G. A.), P. J., and Gargano, J., concurred.